UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARK ANTHONY GRANT,

      Petitioner,

v.                                    Case No. 8:05-cv-140-T-23MAP

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## **O R D E R**

     Grant petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for burglary with an assault or battery, for which he was sentenced to life imprisonment as a habitual felony offender. The respondent correctly argues (Doc. 12) that the petition is time-barred.

     The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2).

Grant's conviction was final on March 18, 1999,[1] (Respondent's Exhibit 5) and

the limitation period expired one year later, absent tolling pursuant to 28 U.S.C.

§ 2244(d)(2).  Grant allowed 287 days to elapse before filing a Rule 3.850 motion for

post-conviction relief on December 30, 1999 (Respondent's Exhibit 7), and the limitation

period tolled until August 3, 2004, when the district court issued its mandate

(Respondent's Exhibit 18).  Grant's limitation deadline was then October 20, 2004.[2]

On August 26, 2004, Grant filed a second Rule 3.850 motion for post-conviction

relief (Respondent's Exhibit 21), but that motion was dismissed as untimely

(Respondent's Exhibit 22).  As a consequence, Grant is not entitled to tolling for that

proceeding.  To qualify for tolling, a petitioner must "compl[y] with the applicable laws

and rules governing filings . . . for example, the form of the document, **the time limits**

**upon its delivery**, the court and office in which it must be lodged, and the requisite

filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis added).  An untimely state

post-conviction petition fails to meet Section 2244(d)'s "properly filed" requirement.

Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form, are

'filing' conditions.  Because the state court rejected petitioner's PCRA petition as

untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under

---

[1]  Grant's direct appeal concluded on December 18, 1998.  The conviction became final for federal statute of limitation purposes 90 days later, which represents the time allowed for filing a petition for the writ of certiorari,  28 U.S.C. § 2244(d)(1)(A).  See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), and Jackson v. Sec. Dept. Corr., 292 F.3d 1347 (11th Cir. 2002).

[2]  Of the one-year limitation, 78 days remained (365 - 287 = 78).  August 3 (the date of the mandate) plus 78 days equals October 20, 2004.

§ 2244(d)(2)."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1258 (11th Cir.) ("[A] 3.850 petition,

which the state trial court dismissed as procedurally barred by the two-year statute of

limitations attached to Rule 3.850, *see* Fla. R. Crim. P. 3.850(b) (West Supp.1999), was

not 'properly filed' within the meaning of § 2244(d)(2)."), <u>cert.</u> <u>denied</u>, 531 U.S. 991

(2000).  Consequently, October 20, 2004, remained as Grant's federal filing deadline.

On November 28, 2004, Grant filed a Rule 3.800 motion to correct illegal

sentence (Respondent's Exhibit 25).  Grant cannot claim tolling based on that

proceeding because the limitation period expired a month earlier.  "A state-court petition

. . . that is filed following the expiration of the limitations period cannot toll that period

because there is no period remaining to be tolled."  <u>Webster v. Moore</u>, 199 F.3d at

1259.  Consequently, Grant's petition is time-barred.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as

time-barred.  The clerk shall enter a judgment against Grant and close this action.

ORDERED in Tampa, Florida, on January 31, 2008.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**