UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ANTHONY GRANT,

     Petitioner,

v.                                                                Case No. 8:05-cv-140-T-23MAP

SECRETARY, Department of Corrections,

     Respondent.

                                         /

## O R D E R

Grant requests the issuance of a certificate of appealability (Doc. 20).  As a result

of the 1996 amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, and Rule 22, Federal

Rules of Appellate Procedure, a disappointed movant under Section 2254 must acquire

a certificate of appealability, which requires a substantial showing by an applicant of the

denial of a constitutional right.  As stated in Slack v. McDaniel, 529 U.S. 473, 483-84

(2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial
> showing of the denial of a constitutional right, a demonstration that, under
> Barefoot, includes showing that reasonable jurists could debate whether
> (or, for that matter, agree that) the petition should have been resolved in a
> different manner or that the issues presented were "'adequate to deserve
> encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102
> S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
>     . . . When the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional claim, a
> COA should issue when the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity."  As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S., at 484, 120 S.Ct. 1595.

Grant's petition was dismissed on procedural grounds, specifically that the petition is time-barred.[*]  Grant fails to show, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  The requirement for a certificate of appealability was meant to prevent this type of petition from proceeding further.

---

[*] Grant requests a certificate of appealability on the following issue: "Did the district court err in its factual findings that appellant was not entitled to equitable tolling under the Antiterrorism and Effective Death Penalty Act?"  No facts were found because Grant never argued entitlement to equitable tolling; Grant's reply (Doc. 14) argued that his petition was not time-barred, not that his tardiness was excusable. The untimeliness of the federal petition is because Grant pursued a second Rule 3.850 motion for post-conviction relief, a motion that, because of its untimeliness, failed to toll the federal statute of limitation.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  Because he controlled the filing of both the second motion for post-conviction relief and the federal petition, Grant is not entitled to equitable tolling.

- 3 -

Accordingly, the request for the issuance of a certificate of appealability (Doc. 20)

is **DENIED**.  Grant's motion for leave to proceed in forma pauperis on appeal (Doc. 21)

is **DENIED**.  Grant must pay the full $455 appellate filing fee unless the circuit court

allows Grant to proceed in forma pauperis.

ORDERED in Tampa, Florida, on March 5, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE